IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 21-0850 JCH |
| ) | |
| vs. ) | |
| ) | |
| **JASPER REED**, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States submits this sentencing memorandum respectfully requesting the Court to sentence the Defendant to a term of imprisonment at the high end of the Defendant's guideline imprisonment range. In support thereof, the United States submits the following:

### BACKGROUND

On April 21, 2021, a criminal complaint was filed in the District of New Mexico, charging the Defendant with possession of a firearm or ammunition by a convicted felon. Doc. 1. On June 23, 2021, a grand jury charged the Defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924. Doc. 4. On June 21, 2023, the Defendant pleaded guilty to the Indictment with the benefit of a plea agreement. Doc. 48.

On September 8, 2023, the Presentence Investigation Report ("PSR") was disclosed. Doc. 49. The PSR accurately reflects the Defendant's guideline imprisonment range. PSR ¶ 62. The Defendant's base offense level is 20. PSR ¶ 23. Two levels were added because one of the firearms the Defendant possessed (a Ruger LCP .380 caliber semi-automatic handgun) was stolen. PSR ¶ 24. A two-level enhancement was applied for obstruction of justice under USSG

§ 3C1.1.  PSR ¶ 27.  An additional two-level enhancement for obstruction of justice was applied under USSG § 3C1.2.  PSR ¶ 28.  The Defendant received a three-level reduction for acceptance of responsibility.  PSR ¶¶ 31-32.  Thus, the Defendant's total offense level is 23.  PSR ¶ 33.  The Defendant's criminal history score is three (PSR ¶ 37), and he received two additional points under USSG § 4A1.1(d) for committing the instant offense under a criminal justice sentence (PSR ¶ 38).  Because the Defendant's total criminal history score is five, his criminal history category is III.  PSR ¶ 39.

Notwithstanding the Defendant's actual criminal history category, if Defendant were to be sentenced after the proposed amendments to the Sentencing Guidelines become effective on November 1, 2023, the Defendant would be eligible for the provision in amended USSG § 4A1.1(e) and would not receive any criminal history points for committing the instant offense while under a criminal justice sentence.  The United States agrees that although the PSR correctly calculated the Defendant's criminal history points under the current version of the Sentencing Guidelines, that the Defendant should receive a reduction in his criminal history category from CHC III to CHC II.  If the Court grants the requested reduction, the Defendant agrees to not seek any further reduction pursuant to USSG § 4A1.1(e) if and when the amendment becomes retroactive.

Thus, based on a total offense level of 23 and a criminal history category of II, the Defendant's guideline imprisonment range is 51 months to 63 months.  PSR ¶ 78.

ARGUMENT

The United States Sentencing Guidelines ("Guidelines") are advisory.  *See United States v. Booker*, 543 U.S. 220, 233 (2005).  Moreover, under the Supreme Court ruling in *Rita v. United States*, 551 U.S. 338 (2007), for appellate purposes, a reviewing court may accord a

properly calculated sentence to have a presumption of reasonableness. *Id.* at 347. A district court, on the other hand, cannot presume reasonableness, but in determining a sentence, it must conduct an analysis using both the Guidelines and the sentencing statutes. *Id.* at 347-48. Both the sentencing judge and the (Sentencing) Commission "are carrying out the same basic §3553(a) objectives, the one, at retail, and the other at wholesale." *Id*. at 348. "[I]t is fair to assume that the Guidelines . . . reflect a rough approximation of sentences that might achieve §3553(a)'s objectives." *Id.* at 350. Hence, the district court should impose sentences within the calculated guideline range when a departure is not appropriate because Guidelines sentences prevent unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) and because the Sentencing Commission policies articulated in the Guidelines are sound and reasoned. *See Rita*, 551 U.S. at 348.

The factors listed in 18 U.S.C. § 3553(a) include: "(1)the nature and circumstances of the offense and the history and characteristics of the defendant; (2)the need for the sentence imposed— (A)to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B)to afford adequate deterrence to criminal conduct; (C)to protect the public from further crimes of the defendant; and (D)to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)-(D). Based on the Defendant's guideline range and the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests the Court sentence the Defendant to a term of imprisonment at the high end of the Defendant's guideline range.

1.       **Nature and Circumstances of the Offense**

While the Defendant was on probation for his convictions for violent crimes with the State of New Mexico, he possessed a loaded firearm. New Mexico Corrections Department-Security Threat Intelligence Unit (NMCD-STIU) learned about photos of the Defendant holding a firearm that were posted on Facebook. PSR ¶ 14. On December 16, 2020, NMCD STIU personnel went to the apartment where the Defendant was residing, knocked on the door and the Defendant answered the door. PSR ¶ 15. He was detained. *Id.* NMCD STIU cleared the apartment and also found the Defendant's girlfriend. PSR ¶ 16. NMCD STIU personnel contacted the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and Bernalillo County Sherriff's Office (BCSO). While waiting for law enforcement to arrive, the Defendant attempted to flee from the living room and run to the bathroom where a weapon was located. PSR ¶ 15. NMCD STIU stopped Defendant and placed him in leg restraints.

ATF and BCSO investigators arrived at the apartment. NMCD STIU provided ATF with copies of photographs obtained from Facebook depicting the Defendant handling firearms. PSR ¶ 14. An ATF agent and a BCSO deputy entered the apartment and observed the Defendant and his girlfriend detained. The ATF agent also observed and photographed a firearm and other related items collected in the kitchen of the apartment. ATF interviewed the Defendant's girlfriend, who denied possession of the recovered firearm and ammunition. PSR ¶ 16. The Defendant was arrested and subsequently charged with being a felon in possession of a firearm and ammunition. *Id.*

The ATF agent identified the recovered firearm as a Taurus, model Spectrum, .380 ACP caliber pistol, bearing serial number 1F00444l. PSR ¶ 15. The firearm had been loaded with a magazine containing six rounds of assorted brand .380 ACP caliber ammunition and one round of

.380 ACP caliber ammunition in its chamber. *Id.* A query of law enforcement databases determined that the recovered firearm had not been reported stolen. The firearm and ammunition were examined and it was determined that the firearm and ammunition seized were shipped or traveled in interstate or foreign commerce. The firearm was test-fired, and it was determined that it functioned as designed.

While the Defendant was pending trial on the instant offense and under conditions of release, he was found with another loaded firearm. On September 26, 2022, the United States Marshal Service (USMS) arrested the Defendant for violating his conditions of pretrial release.[1] PSR ¶ 17. The Defendant was driving a vehicle when USMS made contact with him. *Id.* There were two passengers in the vehicle. When the Defendant was taken into custody officers located a firearm wedged between the driver seat and the center console. *Id.* The firearm was facing upwards, and the barrel was in plain view. An ATF agent interviewed the Defendant, but he denied knowledge of the firearm and he denied that any of the passengers owned the firearm. The ATF agent also interviewed the passengers. They denied having knowledge of the Defendant's wanted status and they also stated that the firearm belonged to the Defendant. One of the passengers told the agent that when the pursuit with the USMS began, the Defendant threw the firearm into the backseat, and they threw it back at the Defendant. The USMS advised the agent that there was a fourth occupant in the car, but they ran when the USMS made contact with the vehicle before the pursuit started.

The firearm in the vehicle was identified as a Ruger LCP .380 caliber semi-automatic handgun, with serial number 379027147. PSR ¶ 17. The firearm was loaded with five rounds of .380 caliber ammunition and a search of law enforcement databases noted that the firearm had

---

[1] The Defendant absconded from La Pasada Halfway House on or about September 12, 2022.

been reported stolen. *Id.* And inventory search of the vehicle revealed seven rounds of 9mm ammunition and 15 rounds of 6.5 Creedmoor ammunition. *Id.*

    2.    **History and Characteristics of the Defendant**

Although the Defendant does not have a lengthy criminal history, his criminal history is still significant in that he was convicted of crimes of violence. PSR ¶ 36. Also significant is his conduct while on supervision. For instance, the Defendant committed the instant offense while on probation for his State conviction. PSR ¶ 36. And while this matter was pending trial, he violated his conditions of pretrial release and was found in possession of another loaded firearm. *Id.*; *see also* PSR ¶ 17. As described above and in the PSR, the circumstances surrounding the Defendant's arrest for his pretrial violation endangered the life of others. *See* PSR ¶ 17.

Furthermore, the Defendant's conduct while incarcerated is concerning. On two occasions he was found in possession of contraband and on one occasion he was involved in an incident with another inmate. PSR ¶¶ 11-12.

    3.    **The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant**

A sentence at the high end of the Defendant's guideline range would reflect the seriousness of the offense and provide adequate deterrence. Deterrence includes both general deterrence and specific deterrence. *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006). While general deterrence's goal is to "deter others from committing the same crime by demonstrating its disadvantageous consequences," specific deterrence's goal is "to incapacitate the wrongdoer, so as to protect society from further criminal activity." *United States v. Irey*, 612 F.3d 1160, 1227 (11th Cir. 2010). As a general deterrent, a sentence at the high end of the guideline range would demonstrate to others the disadvantageous consequences of possessing a

firearm and ammunition when the individual is a convicted felon. As a specific deterrent, the Defendant will be deterred from similar criminality at least for the duration of his incarceration. Thus, a sentence at the high end of the Defendant's guideline range considers the criminality of the Defendant's conduct, promotes respect for the law, deters the Defendant from committing further crimes and protects the public from further crimes of Defendant.

4. **The Need to Avoid Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Crimes**

A sentence within the Defendant's guideline range is a reasonable approach to prevent unwarranted sentencing disparities between similarly situated defendants. The Guidelines have set a range of 51 months to 63 months of imprisonment for a defendant who has a criminal history category of II and has committed the offense at issue here. Considering the Defendant's guideline range and the factors set forth in 18 U.S.C. § 3553(a), a sentence at the high end of the Defendant's guideline range would be "sufficient, but not greater than necessary, to comply with the [sentencing goals]." *Id.*

## CONCLUSION

WHEREFORE, the United States respectfully requests the Court sentence the Defendant to a term of imprisonment at the high end of the Defendant's guideline range.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically filed 10/5/2023*
RAQUEL RUIZ-VELEZ
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that on the 5th
day of October, 2023 I filed the foregoing
pleading electronically through the CM/ECF
system, which caused counsel of record
to be served by electronic means on this date.
/s/_____
Raquel Ruiz-Velez
Assistant U.S. Attorney